[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGEMENT (#119)
The issue before the court is whether there is a question of material fact in this case that requires resolution at trial. As the party moving for summary judgment, the plaintiffs bear "the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citation omitted; internal quotation marks omitted.) Appleton v.Board of Education, 254 Conn. 205, 209, 757 A.2d 1059 (2000).
This action arises out of the defendant's conduct in imposing late charges and default interest on the plaintiffs and selling their premises after the plaintiffs had defaulted on several loans. The plaintiffs assert that there is no question of fact as to the issue of the defendant's liability, because the evidence establishes that the defendant's actions were unreasonable and illegal in response to plaintiffs' non-payment on the notes. "[R]easonableness is a question of fact for the trier to determine based on all of the circumstances."Williams Ford, Inc. v. The Hartford Courant, 232 Conn. 559, 580,657 A.2d 212 (1995). In addition, "[s]ummary judgment is particularly inappropriate when the inference which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions." (Internal quotation marks omitted.) Suarez v. DickmontPlastics Corp., 229 Conn. 99, 111, 639 A.2d 507 (1994). Whether an action is reasonable is a factual question relating to the intent of the parties, which is not suitable for summary judgment. Therefore, because the plaintiffs request a finding regarding whether (1) the defendant's actions were reasonable, and (2) defendant's intention, it is submitted that the plaintiffs' motion for summary judgment is denied.
GALLAGHER, J. CT Page 305